**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| WESLEY A. MASSEY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIDGECREST CREDIT COMPANY LLC, *et al.*,<br><br>Defendants. | : | Case No. 3:26-cv-00331<br><br>District Judge Jeffery P. Hopkins<br>Magistrate Judge Caroline H. Gentry |

# ORDER

This removed case is currently pending on the docket of District Judge Jeffrey P. Hopkins. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01. In addition, Judge Hopkins recently referred other matters to the undersigned. (*See* Doc. No. 38.)

Several motions are currently pending. Upon a review of the docket, it appears that the jurisdictional issues presented in Plaintiffs' Motion to Remand (Doc. No. 30) should be addressed before the other motions. The Motion to Remand, however, is not properly signed. (*See id*. at PageID 582-583.) It contains only the typed names of Plaintiffs, which is insufficient.

A *pro se* plaintiff who has filed a case in federal court must personally sign each of his or her own filings. *See English v. Equifax Info. Servs., LLC*, No. 1:24-cv-240, 2026

LX 266792, at *7-8 (S.D. Ohio May 15, 2026) (citing Fed. R. Civ. P. 11) (Rule 11 requires "that an unrepresented party personally sign filings submitted to the Court and certify that the factual and legal contentions therein are made in good faith after reasonable inquiry.") Individuals who are not attorneys may not sign and submit Documents on other *pro se* parties' behalf. *See* 28 U.S.C. § 1654.

The required signature is a *handwritten* signature. *See Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("we read the requirement of a signature [in Rule 11] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."); *McFarlin v. City of Wayne*, No. 26-cv-10011, 2026 U.S. Dist. LEXIS 49649, at *3, (E.D. Mich. Mar. 6, 2026) (Rule 11 "requires that each Plaintiff personally sign their filings with a handwritten signature."); *Jacquelyn S Jordan Tr. v. City of Franklin*, No. 3:22-cv-326, 2022 U.S. Dist. LEXIS 86013, at *3, (M.D. Tenn. May 12, 2022) (Rule 11 "requires a handwritten signature, not a typed name"); *Greene v. Rochester Villas Apartments, Inc.*, No. 25-13926, 2026 WL 30640, at *1 (E.D. Mich. Jan. 5, 2026) ("Although Greene's typed name appears at the end of the complaint, the document is not dated, there is no signature block or other indication that the typed name serves as an electronic signature, and the document was not submitted through an electronic account belonging to Plaintiff. This does not suffice as a signature. As Rule 11(a) is framed, the requirement of a signature generally means a handwritten signature, and other rules only permit electronic signatures with sufficient indicia of authenticity."); *Watkins v. LaSalle Bank*, No. 25-cv-13901, 2025 U.S. Dist. LEXIS 261898, at *4, (E.D. Mich. Dec. 18, 2025) (striking an unsigned complaint and noting

that "Plaintiff may refile an amended complaint that contains her handwritten signature").[1]

Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, the Court must strike the unsigned Motion unless Plaintiffs promptly correct the deficiency. Fed. R. Civ. P. 11(a); see *Penland v. Chambers-Smith*, No. 2:26-cv-00227, 2026 WL 2017215, at *1–2 (S.D. Ohio July 13, 2026) (advising the plaintiff that the Court intends to strike pending motions unless they are properly signed and resubmitted). The Court therefore **ORDERS** Plaintiffs to both personally sign the Motion to Remand (Doc. No. 30) and resubmit it to the Clerk of Court by **October 6, 2026**.

Defendants need not re-file their response to the Motion to Remand. (*See* Doc. No. 32.) Plaintiffs may file their Reply in support of their motion by **October 6, 2026** as well. The Court refers the parties to Local Civil Rule 7.2, which limits the number and length of memoranda filed herein.

The p*ro se* Plaintiffs are **ADVISED** that they must promptly notify the Court if their mailing address changes while this case is pending. They may wish to review the resources for *pro se* parties on the Court's website.[2] They may also find and monitor the status of this case via the federal courts' PACER Case Locator service.[3] Finally, if either

[1] Although the Rules contain an exception that allows approved 'Filing Users' of the Court's electronic filing system to type their signatures, Plaintiffs are not approved Filing Users, and their own handwritten signatures must therefore appear on each paper they file. *See* S.D. Ohio Civ. R. 83.5(b)-(c); Fed. R. Civ. P. 5(d)(3)(B); Fed. R. Civ. P. 5(d)(3)(C).

[2] Available at https://www.ohsd.uscourts.gov/pro-se.

[3] Available at https://pcl.uscourts.gov/pcl/index.jsf.

Plaintiff would prefer to receive documents from the Court by email rather than mail, that Plaintiff may complete and file with the Clerk of Court a Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System.[4]

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

[4] Available at https://www.ohsd.uscourts.gov/electronic-case-filing, by choosing "Consent to Electronic Service." The Court will consider William Massey's motion for electronic filing rights (Doc. No. 36) in due course.